Filed 1/31/25  Weber v. Taylor CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION EIGHT

| | |
|---|---|
| CHRISTINE WEBER, | B329353 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. SC129036 |
| v. | |
| JAMES BRUCE TAYLOR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Elaine W. Mandel, Judge.  Appeal treated as petition for writ and writ denied.

James Bruce Taylor, in pro. per., for Defendant and Appellant.

Fisher & Fisher and Howard S. Fisher for Plaintiff and Respondent.

_____

## SUMMARY

Defendant James Bruce Taylor, in propria persona, appeals from an order denying his motion to dismiss plaintiff Christine Weber's lawsuit for failure to bring the case to trial within five years.  (Code Civ. Proc., § 583.310.)

Defendant has ignored virtually all the rules governing appellate briefs, including by entirely omitting any citations to the record to support his arguments – a deficiency which subjects his claims to forfeiture on appeal.  In any case, his appeal, which we treat as a writ petition, has no merit; the trial court did not err in denying defendant's motion.

## FACTS

As best we can tell from the briefs, plaintiff sued defendant to recover $150,000 she alleges was investment capital for a proposed medical cannabis delivery service.  Plaintiff asserts the transaction was a scam to extort money from her, and defendant asserts plaintiff was his partner in "a crime scheme that failed."

We need not delve into any details, because it is clear that the trial court correctly denied defendant's motion to dismiss the case.  This is the timeline.

On March 23, 2018, plaintiff filed her complaint.

On August 1, 2022, trial was scheduled for June 5, 2023.

On February 27, 2023, defendant brought a motion to dismiss for failure to bring the case to trial within five years.

On March 6, 2023, the trial court kept the then-currently scheduled trial date of June 5, 2023.

On March 30, 2023, the trial court denied defendant's motion to dismiss the case.  The court's minute order explained that an emergency rule of the California Rules of Court, issued in response to the COVID-19 pandemic, extended the time within which matters must be brought to trial by six months, a period which had not yet expired.  (See Cal. Rules of Court, appen. I,

emergency rule 10(a) (emergency rule 10(a)) ["Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total time of five years and six months."].)

On May 22, 2023, defendant filed a notice of appeal from the March 30, 2023 minute order, and on May 26, 2023, the court entered a signed order denying defendant's motion.

## DISCUSSION

As we observed at the outset, defendant has failed to comply with virtually all court rules on appellate briefing. He has also presented arguments on points that have nothing to do with the only issue on appeal: the trial court's ruling denying his motion to dismiss the case because it was not brought to trial within five years. Because he does not support the facts underlying his appeal of the ruling or his arguments on that issue with references to the record, we may conclude he has forfeited his claim. (*Audish v. Macias* (2024) 102 Cal.App.5th 740, 751 [" ' "Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record." ' "]; see also *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 [" ' "When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]. Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation]." ' "].)

Defendant has forfeited his claim of error on appeal, and in any event, defendant's appeal of the trial court's ruling has no merit.

3

We note first that defendant should have filed a petition for writ of mandate rather than an appeal.  (See Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2024) ¶ 15:51, p. 15-38 ["A trial court order *denying* a motion to dismiss for delay in prosecution (CCP § 583.110 et seq.) may be immediately reviewable by writ of mandate."].)  As explained in the Eisenberg treatise, "an immediate writ petition may be the *only effective avenue* for obtaining review of the ruling," because "[f]or policy reasons, appellate courts are unlikely to review the denial order on a posttrial appeal from the judgment." (Eisenberg, at ¶ 15:51.1, p. 15-38, quoting *Reid v. Balter* (1993) 14 Cal.App.4th 1186, 1196 [" 'As defendants failed to seek a pretrial resolution of the dismissal issue, we are not inclined to now disturb plaintiffs' victory on the merits.' "].)

We exercise our discretion to treat defendant's appeal as a writ petition, and we now deny the writ petition.  The trial court's ruling was correct.  Under emergency rule 10(a), quoted above, plaintiff had five years six months to bring the case to trial, a period which had not expired when the trial court issued its ruling.  As the trial court stated in its March 30, 2023 ruling, "[t]he Rule 10(a) extension will not expire until September 23, 2023."

Defendant relies on *Ables v. A. Ghazale Brothers, Inc.* (2022) 74 Cal.App.5th 823 (*Ables*), but he misunderstands that case.  In *Ables,* the trial court found, and the Court of Appeal acknowledged, that with the six-month extension under the emergency rule, the plaintiff had five years six months to bring her civil action to trial, but the trial date "fell five years and *seven* months after the action was commenced."  (*Id.* at pp. 825, 828, see also *id.* at p. 828, fn. 5.)  The plaintiff in *Ables* contended she

4

was also entitled to the "extra six-month period" under Code of Civil Procedure section 583.350.  (*Ables,* at p. 828.)  (Section 583.350 allows an extra six months to bring a case to trial if, as a result of tolling or extension "pursuant to statute," less than six months remains at the end of the tolling or extension period.)[1]

*Ables* held that the plaintiff was not entitled to that additional six-month period "[b]ecause emergency rule 10(a) is not a statute but an administrative rule"; the rule did not extend the plaintiff's deadline "pursuant to statute" and therefore "did not trigger section 583.350's extra six-month period."  (*Ables, supra,* 74 Cal.App.5th at p. 828.)

This case has nothing to do with the *Ables* holding concerning Code of Civil Procedure section 583.350.  As explained in *Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115 (*Barron*), *Ables* is "legally and factually inapposite."  (*Barron,* at p. 1125 [rejecting the argument that *Ables* "effectively invalidated emergency rule 10(a) by finding that Judicial Council rules were not statutes and therefore could not amend existing statutory deadlines"].)  *Barron* further observes that the *Ables* court "acknowledged the validity of emergency rule 10(a) in the opinion by noting twice that the plaintiff had . . . a total time of five years six months[] to

---

[1]     Code of Civil Procedure section 583.350 states:  "If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension."

5

bring the matter to trial." (*Barron, supra,* 97 Cal.App.5th at p. 1125, citing *Ables, supra,* 74 Cal.App.5th at p. 828 & fn. 5.) *Barron* holds that emergency rule 10(a) "validly extended the time in which [the plaintiff] could bring her case to trial." (*Barron,* at p. 1124; see *id.* at p. 1126 ["The five-year six-month statute of limitations period under [Code of Civil Procedure] section 583.310 and emergency rule 10(a) had not expired at the time the trial court granted the motion to dismiss. Therefore, the trial court erred in prematurely dismissing [the plaintiff's] complaint."].)

Defendant nonetheless appears to contend that the Judicial Council had no power to extend the five-year statute during the pandemic. *Barron* holds otherwise, describing in detail the Governor's executive orders, the Judicial Council's actions, and the law (*Barron, supra,* 97 Cal.App.5th at pp. 1122-1123, 1124-1125), concluding that "the Judicial Council had full authority under Government Code section 68115 to pass emergency rule 10(a) and extend the time in which matters could be brought to trial under [Code of Civil Procedure] section 583.310" (*Barron,* at p. 1125).

## DISPOSITION

Having treated this appeal as a petition for writ of mandate, we deny the writ. Plaintiff is entitled to costs.


GRIMES, J.


WE CONCUR:


STRATTON, P. J.        WILEY, J.

6